**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50193 |
| Plaintiff - Appellee, | D.C. No. 3:01-cr-03177-W-2 |
| v. | |
| MARK STEPHEN FORRESTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Submitted October 11, 2012[**]
Pasadena, California

Before: KLEINFELD and McKEOWN, Circuit Judges, and QUIST, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for Western Michigan, sitting by designation.

Mark Stephen Forrester appeals his conviction and sentence for conspiracy to manufacture and distribute ecstasy in violation of 21 U.S.C. §§ 846, 841(a)(1). He raises two arguments. We address each in turn and affirm.

We review de novo the district court's decision to preclude Forrester from presenting the defense that ecstasy should not be a Schedule I controlled substance. United States v. Forrester, 616 F.3d 929, 934 (9th Cir. 2010) [Forrester II]. Forrester II has already decided this issue, holding that "substantive collateral attacks on permanent scheduling orders are impermissible in criminal cases where defendants' sentences will be determined by those scheduling orders." Id. at 937. Forrester II is the law of the circuit and the law of the case. See Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc). All of Forrester's controlled substance scheduling arguments, including this one, were either decided explicitly or addressed by necessary implication in Forrester II. See United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000).

We review factual findings related to the estimated yield of seized drug-making materials for clear error. Forrester II, 616 F.3d at 935. The district court found the government's expert credible, and chose not to believe Forrester's

2

calculations.  It did not clearly err in accepting the government's ecstasy yield estimates instead of Forrester's, nor did it ignore <u>Forrester II</u>'s instruction to select a calculation bringing less punishment when presented with two equally good measures.  <u>See</u> <u>id.</u> at 949.

**AFFIRMED.**